# RECORD NO. 21-1638

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

LEILA CATHERINE JOHNSON,
*Plaintiff-Appellant*,

v.

GLOBAL LANGUAGE CENTER,
*Defendant-Appellee*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

---

REPLY BRIEF OF PLAINTIFF-APPELLANT

Jack Jarrett
Alan Lescht and Associates, PC
1825 K Street, NW, Suite 750
Washington, DC 20036
(202) 463-6036
jack.jarrett@leschtlaw.com

Dated: October 7, 2021                    *Counsel for Plaintiff-Appellant*

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES…………………………………………....…....ii

ARGUMENT……………………………………………………………..…......1

    I.  The District Court's Dismissal of Untimely Claims Concerning Plaintiff's First Period of Employment Does Not Preclude Plaintiff from Using Those Facts As Evidence at Summary Judgement………………………………………………………..2

    II.  Plaintiff's Complaint About Matar and Others Subjecting Her to Discrimination and Retaliation is Protected Activity……………........4

    III. Plaintiff Established That Defendant's Justifications for Its Termination of Plaintiff are Pretext……………………………..…....6

CONCLUSION……………………………………………………..…...9

STATEMENT CONCERNING ORAL ARGUMENT…………………………...10

CERTIFICATE OF COMPLIANCE………………………………………...11

CERTIFICATE OF SERVICE………………………………………………12

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                   **PAGE**

*Boyer-Liberto v. Fontainbleau Corp.*

    786 F.3d 264 (4th Cir. 2015)…………………………………………...2, 5

*Evans v. Techs. Applications & Serv. Co.*,

    80 F.3d 954, 962 (4th Cir. 1996)…………………………………………….3

*Jordan v. Alternative Resources Corp.*

    458 F.3d 332 (4th Cir. 2006)…………………………………………....1, 5

*Joyner v. Fleming*,

    No. 7:16CV00486, 2019 WL 1264893, at *2 (W.D. Va. Mar. 19, 2019)…...3

*Nat'l R.R. Passenger Corp. v. Morgan*,

    536 U.S. 101, 113 (2002)……………………………………………………4

*Witthohn v. Fed. Ins. Co.*,

    164 F. App'x 395, 396 (4th Cir. 2006)………………………………………3

# ARGUMENT

The district court erred by finding that a reasonable jury must conclude that Plaintiff did not engage in protected activity through an email that explicitly complained of past and ongoing sexual harassment and retaliation and that Plaintiff's other protected activity motivated Defendant GLC to terminate her. In its Response Brief, Defendant raises a number of incorrect arguments. The following merit reply:

First, Defendant mistakenly argues that the district court's dismissal of Plaintiff's claims about a prior period of employment at the motion to dismiss stage precludes Plaintiff from using those facts to oppose summary judgment. The district court did not strike any facts from the complaint in dismissing untimely or implausible causes of action. Regardless, Plaintiff did not cite the Complaint to establish those facts, which are relevant background evidence. Defendant's argument on this point is incorrect.

Defendant also incorrectly argues that Plaintiff's August 7 email complained of only future, hypothetical violations of Title VII which are not protected pursuant to *Jordan v. Alternative Resources Corp.* 458 F.3d 332 (4th Cir. 2006). However, the text of the email demonstrates that Plaintiff complained of past and ongoing harassment as well as her past retaliatory termination. Complaints about past violations of Title VII are protected as are complaints about a developing hostile

1

work environment after this Court explicitly overruled *Jordan* in *Boyer-Liberto v. Fontainbleau Corp*. 786 F.3d 264 (4th Cir. 2015).

Last, the Response Brief's argument that Plaintiff failed to present sufficient evidence for a reasonable jury to disbelieve its claim that GLC terminated Plaintiff she engaged in escalating inappropriate conduct culminating in the August 7 email fails. Plaintiff established that (1) GLC did not believe the August 7 email was inappropriate, (2) that its claims that it explicitly provided Plaintiff written directives to only communicate with her GLC chain of command is false, and (3) that instead, Plaintiff was explicitly authorized in writing to contact the individuals she contacted. This evidence about GLC's principal explanation for the termination, combined with a myriad of additional evidence of pretext laid out in the Opening Brief, is more than sufficient for a reasonable jury to find that GLC's claimed justifications are unworthy of credence. The district court's grant of summary judgment must be reversed.

**I.     The District Court's Dismissal of Untimely Claims Concerning Plaintiff's First Period of Employment Does Not Preclude Plaintiff From Using Those Facts As Evidence at Summary Judgment.**

Throughout its Response Brief, Defendant confusingly makes the claim that Plaintiff cannot rely on any evidence that she engaged in protected activity other than the August 7 email because the district court dismissed her claims concerning her first period of employment as untimely. This is incorrect.

2

The district court did not strike any of the Complaint's factual allegations. Rather, the district court dismissed the causes of action contained within Count III of the Complaint concerning Plaintiff's first termination as untimely and those concerning her complaints about post-termination retaliation as implausible. Suppl. JA 12-14. This does not affect the factual allegations that precede the Count portions of the Complaint.

Regardless, it would not matter if the district court struck any of the Complaint's factual allegations because Plaintiff did not rely on the Complaint to establish those facts at summary judgment. Instead, Plaintiff relied on documents and deposition testimony. It is well established that summary judgment involves consideration of facts *outside* the four corners of the Complaint. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). Indeed, unless the allegations of a complaint are verified, it cannot be used to establish material disputed facts to overcome summary judgment. *See, Joyner v. Fleming*, No. 7:16CV00486, 2019 WL 1264893, at *2 (W.D. Va. Mar. 19, 2019) (collecting cases).

Plaintiff's evidence concerning retaliation during her first period of employment is probative to whether her second termination was discriminatory or retaliatory. Evidence of discriminatory or retaliatory acts that are untimely still can be relevant to the determination of whether a timely adverse action was caused by discrimination or retaliation. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d

3

954, 962 (4th Cir. 1996) (holding "[c]harges filed outside that time frame are barred, but a discriminatory allegation may still constitute relevant background evidence for valid claims."). *See also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (explaining that Title VII does not "bar an employee from using the prior [untimely] acts as background evidence in support of a timely claim"). Plaintiff is not precluded from using relevant background evidence, regardless of the district court's dismissal of Plaintiff's untimely claims.

### II. Plaintiff's Complaint About Matar and Others Subjecting Her To Discrimination and Retaliation is Protected Activity.

The Response Brief also argues that the August 7 email was not protected activity because Plaintiff was only complaining about possible future retaliation, which is not protected. This argument is also wrong on the facts and the law.

The text of the August 7 email explicitly complains of both "continuous harassment, sexual and emotional," and past violations of Title VII. Plaintiff complained that Matar did not assist Plaintiff when she reported sexual assault, threatened that Plaintiff would be terminated if she reported the sexual assault, and used the incident to extract information from those involved. The August 7 email also complains that Matar caused Hickman to begin harassing Plaintiff by telling Hickman of Adlanaziz's advances toward Plaintiff and that the harassment placed Plaintiff under "insurmountable stress," and caused her to need doctor's care. And, in conclusion, the August 7 email complains that Matar displays bias, prejudice,

4

and favoritism at work. These complaints about past and ongoing harassment are not complaints about some hypothetical possible hostile work environment but instead are complaints about ongoing harassment.[1]

As to the law, Defendant mistakenly relies on *Jordan v. Alternative Resource Corp.* in arguing that complaints about potential Title VII violations are not Title VII-protected activity. Response Br. at pp. 16-17. This Court, sitting *en banc*, explicitly overruled *Jordan* in 2015 in *Boyer-Liberto v. Fontainebleau Corp.* 786 F.3d 264, 268-69 (4th Cir. 2015). In *Boyer-Liberto*, this Court held that an employee engages in protected activity if they reasonably believe that a hostile work environment is in progress even if the employee cannot show that an actionable hostile work environment exists or is likely to occur. *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 284 (4th Cir. 2015).

---

[1] It is immaterial that most of the actions Plaintiff complained about occurred during her first period of employment. Complaints about past violations of Title VII are protected activity. *See, e.g. Tutt v. Wormuth*, No. 19-2480, 2021 WL 4076729, at *2 (4th Cir. Sept. 8, 2021) (holding that a complaint sufficiently alleged Title VII even though the events complained of occurred fifteen to sixteen months before the employee was subjected to retaliation). Further, an employee can reasonable believe they are being subjected to harassment even if there is a gap between harassing actions because they make up the same hostile work environment. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002). And, factually, GLC knew Plaintiff had an ongoing EEO case against FSI and that Plaintiff alleged discrimination and retaliation during her second period of employment through her February report about the revocation of her badge and her reports about the treatment she experienced from FSI supervisors.

Not only did Plaintiff reasonably believe that she had been and was continuing to be subjected to a hostile work environment as outlined in her August 7 email, but she also reasonably believed and complained that she had been subjected to a retaliatory termination. Plaintiff stated that after she experienced emotional harassment and sexual assault, "[she] tried to address both forms of harassment and got myself fired because of it." This complaint about ongoing and past harassment and retaliation is Title VII-protected activity.

### III. Plaintiff Established That Defendant's Justifications For Its Termination of Plaintiff are Pretext.

Last, the Response Brief's claim that Plaintiff failed to show that a reasonable jury could disbelieve its proffered non-discriminatory and non-retaliatory justifications for Plaintiff's termination is incorrect.

The Response Brief claims that Plaintiff fails to establish that a reasonable jury could disbelieve Mitchell's claim that he fired Plaintiff because he believed the August 7 email was inappropriate and unprofessional. However, when pressed on what was inappropriate about the email, he conceded that the email itself was not inappropriate. And although he claimed that the August 7 email contained false or unverified statements, he admitted that GLC did nothing to evaluate the accuracy of his concerns.

Therefore, GLC relies on Plaintiff's supposed failure to follow her chain of command to attempt to show that a reasonable jury *must* believe that it honestly

6

believed her sending of the August 7 email to be inappropriate. In GLC's 30(b)(6) deposition and program manager Bairatchnyi's individual deposition, GLC claimed that GLC provided documents to contractors explicitly instructing them that they had to raise issues with their program manager first. JA 466-468. GLC claimed that a document called First Days at FSI made "explicit," that Plaintiff had to follow her chain of command and that the SLS Guide for Language and Culture Instructions also directed Plaintiff to follow the chain of command. JA 487. According to GLC, this prohibition included communications about discrimination or sexual harassment. JA 487.

But the documents GLC provided its instructors explicitly provide just the opposite of GLC's testimony, instructing contractors that they could and should contact SLS employees with issues. JA 833-979, 981-987. The discrimination and harassment policies contained in the SLS Guide for Language Culture Instructors directs employees to "**[c]onsult your Language Training Supervisor, Division Director, SLS Dean, or the Executive Director if you believe you have been subjected to harassment or discrimination in the workplace**." JA 880. (emphasis added).² And, in contrast with GLC's claims that it directed its

---

² At deposition, GLC admitted that FSI's discrimination and harassment policies applied to GLC's employees. JA 476. GLC also admitted that GLC had to adhere to all State Department policies and procedures and that FSI's policies governed in the event of a conflict. JA 454, 475. GLC stated that it provided Plaintiff its "First

7

employees to first raise issues within GLC, GLC's Orientation document regarding employees' first days at SLS provides that an employee's FSI-employed Language Training Supervisor is their "boss," and "**first point of contact regarding work performance and conduct**."  JA 982, 985.³

Beyond GLC's false claims that it believed the August 7 email to be inappropriate and its false claim that Plaintiff failed to follow written directives concerning its chain of command, there is significant evidence that GLC's alternative claimed justifications for Plaintiff's termination are pretext.  Plaintiff will not repeat those here, as they are laid out in the Opening Brief at pages 19-25.  This constitutes affirmative evidence that GLC terminated Plaintiff because of her protected activity.

---

Days," orientation document and the SLS Guide for Language instructors during both period of her employment.  JA 467.

³ Although GLC pointed to no particular written mention of a chain of command policy in its summary judgment briefing before the district court, it now quotes a portion of the SLS Guide for Language Instructors that at least contains the phrase. Response Br. pp. 10-11.  However, that portion of the Guide does not require employees to only communicate with their direct supervisor and instead instructs employees that (1) they are responsible for the acts of their subordinates and their supervisors are responsible for their acts and (2) that they need to communicate with leadership to prevent any "surprises." JA 876.  This clearly does not override either the specific authorization to report discrimination and harassment to anyone in FSI leadership or Dean Nesbitt's Open Door policy.  This also does not support GLC's claim that it instructed its contractors to only communicate with GLC's program manager (which is also contradicted by GLC's "First Days" document that authorizes contractors to communicate with FSI employees).

## CONCLUSION

For the foregoing reasons, the district court's decision granting Defendant summary judgment should be vacated and remanded for further proceedings on those claims.

Respectfully submitted,

/s/Jack Jarrett
Jack Jarrett
1825 K Street, N.W., Suite 750
Washington, D.C. 20006
T: 202.463.6036
F: 202.463.6067
jack.jarrett@leschtlaw.com
*Counsel for Plaintiffs-Appellants*

October 7, 2021

## STATEMENT CONCERNING ORAL ARGUMENT
### (Local Rule 34(a))

Plaintiff respectfully requests oral argument. This case involves relatively complex factual determinations and Plaintiff believes that oral argument would assist the Court in making a determination on the merits.

## CERTIFICATE OF COMPLIANCE WITH
## FEDERAL RULE OF APPELLATE PROCEDURE 32(A)

I hereby certify that this brief complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally spaced typeface.

I further certify that this brief complies with the type-volume limitation of Fed. R. App. 32(a)(7)(B) because it contains 2,196 words according to the count of Microsoft Word.

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2021, I electronically filed the foregoing brief with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system.

The participants in this case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

                              Respectfully submitted,

                              /s/Jack Jarrett
                              Attorney for Plaintiff-Appellant